# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No.:_____ |
| v. | |
| MOSAIC FERTILIZER, LLC, | |
| Defendant. | |

## JOINT STIPULATION OF SETTLEMENT

WHEREAS, Plaintiff, the United States of America (United States), on behalf of the United States Environmental Protection Agency (EPA), simultaneously with the filing of this Joint Stipulation of Settlement (Stipulation), has filed a Complaint in this matter alleging that Defendant Mosaic Fertilizer, LLC violated Section 112 of the Clean Air Act (CAA), 42 U.S.C. § 7412, and the regulations promulgated thereunder at 40 C.F.R. Part 63, Subparts A, AA, and BB, at Defendant's five phosphoric acid production and phosphate fertilizers production plants listed below;

WHEREAS, Defendant is the owner and operator of the following five phosphoric acid production and phosphate fertilizers production plants in Florida:

a. New Wales located at 3095 Highway 640 West, Mulberry, Florida 33860 in Polk County (New Wales facility);

    b.    Green Bay located at 4390 C.R. 640 West, Bartow, Florida 33830 in Polk County (Green Bay facility);

    c.    Bartow located at 3200 Highway 60 West, Bartow, Florida 33831 in Polk County (Bartow facility);

    d.    Riverview located at 8813 U.S. Highway 41 South, Riverview, Florida 33569 in Hillsborough County (Riverview facility); and,

    e.    South Pierce located at 7450 Highway 630, Mulberry, Florida 33860 in Polk County (South Pierce facility);

WHEREAS, the Complaint alleges that each facility listed above is a phosphoric acid manufacturing plant, and that the requirements of the National Emissions Standards for Hazardous Air Pollutants (NESHAPs), for phosphoric acid manufacturing plants in 40 C.F.R. Part 63, Subparts A and AA, are applicable to Defendant at each Facility listed above;

WHEREAS, the Complaint alleges that each facility listed above is a phosphate fertilizers production plant, and that the requirements of the NESHAPs for phosphate fertilizers production plants in 40 C.F.R. Part 63, Subparts A, AA, and BB, are applicable to Defendant at each facility listed above;

WHEREAS, the Complaint alleges that Defendant did not achieve compliance with 40 C.F.R. Part 63, Subparts A, AA, and BB, by the compliance date;

WHEREAS, Defendant certifies herein that the Green Bay facility and the South Pierce facility were idled in May and June of 2006, respectively;

WHEREAS, a Title V Air Operation Permit Renewal was issued for the New Wales

facility, effective February 14, 2008, numbered 1050059-045-AV, incorporating the requirements of 40 C.F.R. Part 63, Subparts A, AA and BB;

WHEREAS, a Title V Air Operation Permit Renewal was issued for the Bartow facility, effective September 28, 2005, numbered 1050046-018-AV, incorporating the requirements of 40 C.F.R. Part 63, Subparts A, AA and BB;

WHEREAS, a Title V Air Operation Permit Revision was issued for the Riverview facility, effective March 16, 2004, numbered 0570008-040-AV, incorporating the requirements of 40 C.F.R. Part 63, Subparts A, AA and BB;

WHEREAS, Defendant certifies herein that the New Wales facility, the Bartow facility, and the Riverview facility (the three facilities that are still operating), are in compliance with 40 C.F.R. Part 63, Subparts A, AA and BB; and,

WHEREAS, Defendant does not admit liability to Plaintiff arising out of the transactions or occurrences alleged in the underlying Complaint; and

WHEREAS, the Parties recognize, and the Court by entering this Stipulation finds, that this Stipulation has been negotiated in good faith, and will avoid protracted litigation;

WHEREAS, the Parties recognize, and the Court by entering this Stipulation finds, it is fair, reasonable, and in the public interest;

NOW, THEREFORE, without the adjudication or admission of any issue of fact or law, except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ORDERED as follows:

# I. JURISDICTION, VENUE, AND NOTICE

1. This Court has jurisdiction over the subject matter of this action and over the Parties pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 113 of the Act, 42 U.S.C. §§ 7413, and venue is proper in this District pursuant to Sections 113(b) of the Act, 42 U.S.C. §§ 7413(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations set forth in the Complaint are alleged to have occurred in this judicial district, and because Defendant conducts business in this judicial district. For purposes of this Stipulation or any action to enforce this Stipulation, Defendant consents to this Court's jurisdiction over the case, this Stipulation, Defendant, and any such action, and consents to venue in this judicial district.

2. For the purposes of this Stipulation, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 113(b) of the Act, 42 U.S.C. § 7413(b), for violations of Section 112 of the Act, 42 U.S.C. § 7412, and its implementing regulations at 40 C.F.R. Part 63, Subparts A, AA and BB.

# II. PARTIES BOUND

3. This Stipulation is binding upon Plaintiff and Defendant, and Defendant's successors, assigns, and any other entities or persons otherwise bound by law. No transfer or change in ownership or corporate or other legal status of Defendant, including but not limited to any transfer of assets of real or personal property, shall relieve the obligations of Defendant under this Stipulation.

4. In any action to enforce this Stipulation, Defendant shall not raise as a defense the failure

by any of its officers, directors, employees, agents, contractors, or any other entities or persons otherwise bound by law, to take any actions necessary to comply with the provisions of this Stipulation.

### III. DEFENDANT

5. Defendant Mosaic Fertilizer, LLC, a Delaware corporation with corporate headquarters in Florida, is a "person" as defined in Section 302(e) of the Act, 42 U.S.C. § 7602(e).

### IV. DEFINITIONS

6. Unless otherwise expressly provided herein, terms used in this Stipulation of Settlement that are defined in the Act or the regulations promulgated pursuant to the Act shall have the meanings assigned them under the Act or such regulations. Whenever the terms set forth below are used in this Stipulation, the following definitions shall apply.

    a. "Act" or "CAA" shall mean the Clean Air Act, as amended, 42 U.S.C. §§ 7401, et seq.

    b. "Complaint" shall mean the complaint filed by the United States of America against Defendant in this action.

    c. "Day" shall mean a calendar day. In computing any period of time under this Stipulation, where the last day falls on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

    d. "Defendant" shall mean Mosaic Fertilizer, LLC, a Delaware corporation, with headquarters in Florida.

    e. "DOJ" shall mean the United States Department of Justice and any successor

departments, agencies, or instrumentalities.

 f. "Effective Date" shall mean the date as defined in Section X of this Stipulation.

 g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities.

 h. "Facilities" shall mean the phosphoric acid production plants and the phosphate fertilizers production plants owned and operated by Mosaic Fertilizer, LLC at:

  1. New Wales located at 3095 Highway 640 West, Mulberry, Florida 33860 in Polk County (New Wales facility);

  2. Green Bay located at 4390 C.R. 640 West, Bartow, Florida 33830 in Polk County (Green Bay facility);

  3. Bartow located at 3200 Highway 60 West, Bartow, Florida 33831 in Polk County (Bartow facility);

  4. Riverview located at 8813 U.S. Highway 41 South, Riverview, Florida 33569 in Hillsborough County (Riverview facility); and,

  5. South Pierce located at 7450 Highway 630, Mulberry, Florida 33860 in Polk County (South Pierce facility).

 i. "Interest" shall mean interest at the rate specified for debts owed to departments or agencies of the United States pursuant to 28 U.S.C. § 1961, as of the date payment is made.

 j. "Paragraph" shall mean a portion of this Stipulation identified by an arabic numeral.

k.  "Parties" shall mean Plaintiff and Mosaic Fertilizer, LLC.

l.  "Plaintiff" shall mean the United States of America.

m.  "Section" shall mean a portion of this Stipulation identified by a roman numeral.

n.  "Mosaic Fertilizer, LLC" shall mean Mosaic Fertilizer, LLC and its successors and assigns, Defendant in this matter.

o.  "Stipulation" shall mean this Stipulation of Settlement.

p.  "United States" shall mean the United States of America.

## V. CIVIL PENALTY

7. No later than 30 days after the Effective Date of this Stipulation, Defendant shall pay to the United States a civil penalty in the amount of two hundred and forty-five thousand dollars ($245,000.00). Payment shall be made to the United States Department of Justice (DOJ), by FedWire Electronic Funds Transfer (EFT) in accordance with EFT instructions provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Middle District of Florida following the Effective Date of this Stipulation.

8. At the time of payment, Defendant shall also send a copy to DOJ and EPA of the EFT authorization form and transaction record, together with a transmittal letter, stating the payment is for the civil penalty owed pursuant to this Stipulation. Such written notice shall be sent to DOJ and EPA at the addresses listed in Section IX (Notices and Submissions), and shall reference the DOJ Case Number 90-5-2-1-09269, the Civil Action Number assigned to this case by this Court, and a statement of the calculation of the Interest on the payment.

9. Defendant shall not deduct any civil or stipulated penalties paid pursuant to

this Section or Section VI (Stipulated Penalties) in calculating its federal and state income tax.

## VI. INTEREST AND STIPULATED PENALTIES

10. If payment is not made when due, Interest shall accrue on any amount overdue.

11. If any portion of the civil penalty payable to the United States under paragraph 7 is not paid when due, the United States may issue a written demand for payment of stipulated penalties under this Paragraph. Defendant, shall, within 30 days of receipt of such written demand, pay a stipulated penalty to the United States of $5,000 for each day that Defendant's civil penalty payment is delayed beyond the date due. Payment of any stipulated penalty to the United States shall be made in the same manner as specified in Section V. Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States, but need only be paid upon written demand.

12. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

13. Subject to the provisions of Section VII (Effect of Settlement/Reservation of Rights), stipulated penalties provided for in this Stipulation shall be in addition to any other rights, remedies, or sanctions available to Plaintiff for Defendant's violation of this Stipulation or other applicable law.

## VII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

14. Defendant's complete performance of all obligations under this Stipulation shall resolve its civil liability for the violations alleged in the underlying Complaint.

15. The release in Paragraph 14 is conditioned upon the veracity and completeness of the

Certification provided by Defendant in Section XIII below. If the Certification provided by Defendant in Section XIII below is subsequently determined by EPA to be false or, in any material respect, inaccurate, Defendant shall forfeit all payments made pursuant to this Stipulation, and the release in Paragraph 14 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Defendant's false or materially inaccurate information.

16. Plaintiff reserves all legal and equitable remedies available to enforce the provisions of this Stipulation in the event Defendant does not completely perform all obligations under this Stipulation. This Stipulation shall not be construed to limit the rights of Plaintiff to obtain penalties or injunctive relief under the Act or its implementing regulations, or seek relief under any other federal, state, local laws, regulations, or permits, except as expressly specified in Paragraph 14. Plaintiff further reserves all legal and equitable remedies to address any situation which may present an imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, Defendant's Facilities, whether related to violations addressed in this Stipulation or otherwise.

17. In any subsequent administrative or judicial proceeding initiated by Plaintiff for injunctive relief, civil penalties, or other appropriate relief relating to the Facilities, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by Plaintiff in the subsequent

proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 14 of this Section.

18. This Stipulation does not alter or relieve Defendant of the responsibility to comply with the Act, 42 U.S.C. §§ 7401 et seq., or any other federal, state, or local laws, regulations, or permit conditions. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Compliance with this Stipulation shall not be a defense to any action commenced pursuant to such laws or regulations, except as provided in Paragraph 17.

19. This Stipulation does not limit or affect the rights of Defendant or Plaintiff against any third parties not parties to this Stipulation, nor does it limit the rights of third parties not parties to this Stipulation against Defendant, except as otherwise provided by law.

20. This Stipulation shall not be construed to create rights in or grant any cause of action to any third party not a party to this Stipulation.

## VIII. COSTS

21. The Parties shall bear their own costs for this action, including attorneys' fees, except that Plaintiff shall be entitled to collect the costs (including attorneys' fees) incurred in any action to enforce this Stipulation and/or collect all or part of amounts not paid when due under this Stipulation.

## IX. NOTICES AND SUBMISSIONS

22. Unless otherwise specified herein, whenever written notifications, submissions, communications, or payments are required by this Stipulation, they shall be provided in writing

and addressed as follows:

<u>As to the United States</u>:

For the Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DOJ # 90-5-2-1-09269

For the Environmental Protection Agency:

Valerie Nowell
Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

and

Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268
Re: DOJ # 90-5-2-1-09269

As to Defendant Mosaic Fertilizer, LLC.:

Patrick van der Voorn
Senior Environmental Counsel
The Mosaic Company
3033 Campus Drive, Suite E490
Plymouth, Minnesota 55441

23. Any Party may, by written notice to the other Party, change its designated notice recipient or notice address as provided in this Section.

24. Any payment, report, notification, or other communication by Defendant shall be submitted as specified in the Stipulation, with copies to the United States and EPA as specified

in this Section.

25. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in the Stipulation or by mutual agreement of the Parties in writing.

## X. EFFECTIVE DATE

26. The Effective Date of this Stipulation shall be the date upon which it is entered by the Court or the date upon which a motion to enter the Stipulation is granted, whichever occurs first, as recorded on the Court docket.

## XI. RETENTION OF JURISDICTION

27. The Court shall retain jurisdiction over this case for the purpose of interpreting and enforcing the terms of this Stipulation, until such time as Mosaic Fertilizer, LLC has met all of its obligations under this Stipulation.

28. After payment by Defendant of all monies due under this Stipulation, the Parties shall execute and file with the Court a stipulation that the Complaint be dismissed with prejudice.

## XII. SIGNATORIES/SERVICE

29. Each undersigned representative of Plaintiff and Defendant certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the Party he or she represents.

30. Defendant agrees not to oppose entry of this Stipulation by the Court or to challenge any provision of the Stipulation unless the United States has notified Defendant in writing that it no longer supports entry of the Stipulation.

31. Defendant agrees to accept service of process by mail with respect to all matters arising

under or relating to this Stipulation and to waive the formal service requirements set forth in Federal Rules of Civil Procedure 4 and 5 and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XIII. CERTIFICATION

32. Defendant acknowledges that each facility listed in paragraph 6.h, has been issued a Title V Air Operation Permit imposing the requirements of 40 C.F.R. Part 63, Subparts A, AA, and BB, on each facility. After reasonable inquiry, Defendant certifies that the statements and information in Defendant's 2010 and 2011 Statements of Compliance submitted for its Title V permits for the New Wales facility, the Bartow facility and the Riverview facility are true and accurate, and that each of these facilities is in compliance with 40 C.F.R. Part 63, Subparts A, AA, and BB, as of December 31, 2011, and that each has been in compliance since December 31, 2009. Defendant also certifies that neither the Green Bay facility nor the South Pierce facility is operating, as of the date of Defendant's signature of this Stipulation, and that neither has operated since July 2006. Defendant acknowledges and agrees that if the Green Bay facility or the South Pierce facility begin operations, then 40 C.F.R. Part 63, Subparts A, AA, and BB shall be applicable to the facility(ies).

## XIV. INTEGRATION

33. This Stipulation constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied herein and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement,

understanding, or promise, constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation.

## XV. FINAL JUDGMENT

34. Upon approval and entry of this Stipulation by the Court, this Stipulation shall constitute a final judgment of the Court as to the United States and Defendant in this matter. The Court finds there is no just reason for delay and therefore enters this judgment as final judgment under Federal Rules of Civil Procedure 54 and 58.

APPROVED BY THE COURT, THIS \_\_\_\_\_ DAY OF _____, 2013

_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. Mosaic Fertilizer, LLC:

FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: *December 15, 2012*

ROBERT MAHER
Acting Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

*[signature]*

NATHANIEL DOUGLAS
Acting Assistant Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-4628
nathaniel.douglas@usdoj.gov

Date: *December 5, 2012*

*[signature]*

VALERIE A. NOWELL
Trial Attorney by Special Appointment
United States Department of Justice
c/o Office of Environmental Accountability
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9555
nowell.valerie@epa.gov

15

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. Mosaic Fertilizer, LLC:

FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: _____ 12/4/12

MARY J. WILKES
Regional Counsel and Director
Office of Environmental Accountability
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. Mosaic Fertilizer, LLC.:

FOR DEFENDANT MOSAIC FERTILIZER, LLC:

Date: Nov 1, 2012

*/s/ Richard L. Mack*

RICHARD L. MACK
Executive Vice President and General Counsel
3033 Campus Drive, Suite E490
Plymouth, MN 55441
Telephone: 763-577-2851
Email: Richard.Mack@Mosaicco.com